| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Wilmington Trust, National Association not in its<br>individual capacity but solely as Owner Trustee of<br>OSAT Trust 2019-2 | **Order Filed on April 11, 2022**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In Re:<br><br>Ethan A. Warren,<br><br>Debtor. | Case No.:  22-11143 JNP<br>Adv. No.:<br>Hearing Date:  4/20/2022 @10:00 a.m.<br><br>Judge:  Jerrold N. Poslusny, Jr. |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby
**ORDERED**

**DATED: April 11, 2022**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2
Debtor:           Ethan A. Warren
Case No.:         22-11143 JNP
Caption:          **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO
                  DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Wilmington Trust, National Association not in its individual capacity but solely as Owner Trustee of OSAT Trust 2019-2, holder of a mortgage on real property located at 6 Spring Hill Drive, Laurel Springs, NJ, 08021, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Andrew Archer, Esquire, attorney for Debtor, Ethan A. Warren, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by May 31, 2022, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is to pay the arrears per the plan while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** the Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** the Secured Creditor does not waive its right to object to a request to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor'

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.